

**ORDERED in the Southern District of Florida on May 16, 2023.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

| | |
|---|---|
| No Rust Rebar, Inc., | Case No. 21-12188-PDR |
|     Debtor. | Chapter 7 |
| _____ / | |
| No Rust Rebar, Inc., | |
|     Plaintiff, | |
| v. | Adv. Case. No. 21-1111-PDR |
| Green Tech Development, LLC, | |
|     Defendant. | |
| _____ / | |

## **ORDRER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter came before the Court upon Defendant Green Tech Development, LLC's ("Green Tech") Motion to Dismiss (the "Motion").[1] Green Tech essentially

---

[1] (Adv. Doc. 115).

argues that, as a result of intervening events, including the conversion of the main case to chapter 7, this adversary has become moot and should therefore be dismissed. For the reasons that follow, the Motion is denied.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). The matter was properly removed under 28 U.S.C. § 1452(a); the Court has statutory authority to hear and determine this case under 28 U.S.C. §157(a); and venue is proper under 28 U.S.C. § 1409(a).

## BACKGROUND

In the complaint, Plaintiff/Debtor No Rust Rebar, Inc. ("No Rust") asserts the existence of an oral option to purchase certain real property in the City of Pompano (the "Property") from Green Tech. In March 2021, after litigation between the parties over this alleged oral option had been pending for more than four years, No Rust filed a voluntary Chapter 11 bankruptcy petition and removed the case to this Court. Only Count III remains, pursuant to which No Rust seeks specific performance requiring Green Tech to consummate the sale of the Property to No Rust pursuant to the alleged oral option. The parties previously filed cross motions for summary judgment, which were denied.[2]

While this case was initially filed as a chapter 11, for various reasons, the Court converted it to a chapter 7.[3] The chapter 7 Trustee and Green Tech ultimately

---

[2] (Adv. Doc. 72).

[3] (Doc. 193).

entered into a settlement agreement[4] that would permit the Trustee to sell the Property, require the parties to execute mutual releases, and require the parties to dismiss this adversary. The settlement agreement provides in paragraph 3, however, that it "shall be subject to and conditioned upon" the Court entering a final order "which has not been stayed and as to which order... the time to appeal... has expired and as to which no appeal... has been taken." The Court granted the Rule 9019 motion to approve the settlement,[5] but the order was appealed,[6] and therefore the settlement agreement remains subject to and conditioned upon the outcome of the appeal.

## ANALYSIS

To find refuge from this quagmire, Green Tech seeks dismissal, arguing the adversary is moot pursuant to Article III, § 2 of the U.S. Constitution or under theories of equitable mootness. These arguments, however, are simply inadequate to deliver the relief Green Tech desires.

I. Constitutional Mootness.

Green Tech argues that, under Article III, § 2 of the U.S. Constitution, "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Desert Fire Prot. v. Fontainebleau Las Vegas Holdings, LLC (In re Fontainebleau Las Vegas Holdings, LLC)*, 434 B.R. 716, 738-739 (S.D. Fla. 2010) (quoting *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir.

---

[4] (Doc 218, Exhibit A).

[5] (Doc. 257).

[6] (Doc. 268).

2006)). Since federal courts are limited to deciding active cases and live controversies, if the parties have no legally cognizable interest in the outcome of a case, or if there are no longer "live" issues, then the Court lacks jurisdiction and must dismiss. "When considering whether a court has jurisdiction or is required to dismiss a case for mootness, the court considers the subsequent events and the facts existing at the present time, not at the time the complaint was filed." See *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

Green Tech argues that there is no live controversy because the parties have entered into a settlement agreement and the conversion of the case to chapter 7 moots the specific performance remedy sought in the adversary because the chapter 7 Trustee is not "in the business of making real estate investments" and is unable "to pay for the Property" were she to prevail.

There are numerous problems with Green Tech's arguments. Foremost, while the parties have entered into a settlement agreement and the Court has approved it, the parties agreed the settlement agreement "shall be subject to and conditioned upon" the Court entering a final order "which has not been stayed and as to which order... the time to appeal... has expired and as to which no appeal... has been taken..." However, an appeal has been taken and is pending, so the settlement remains conditional. Naturally, should the appeal be successful, the settlement would be void, and at that point, the controversy would still be "live."

The arguments that the Trustee is not "in the business of making real estate investments" and is "unable to pay for the Property" were she to prevail are factual

issues in support of which Green Tech offers no evidence and in any event are not dispositive, even if true. The Trustee did not voluntarily dismiss this adversary when she had an opportunity to do so and instead negotiated a provision that includes dismissal in exchange for consideration. The Court need not surmise the Trustee's strategy in doing so but concludes by virtue of the terms of the settlement agreement itself that the parties attribute some value to the claim. If the appeal of the order approving the settlement agreement is successful, there is no reason for the Court to believe the Trustee will not seek to extract some value in exchange for dismissal or, even if the likelihood of prevailing in this adversary is remote, seek ways to try the case and finance the purchase of the Property. In the end, Green Tech's argument relies on conjecture, which cannot be the basis for a finding of constitutional mootness.

II.  Equitable Mootness.

Green Tech next argues that the case should be dismissed under the doctrine of equitable mootness, a judicially created doctrine, which, unlike Article III mootness, is prudential and not jurisdictional.[7] "Equitable mootness is a discretionary doctrine that permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be

---

[7] Equitable mootness is a court created doctrine concerning a party's rights on the merits, rather than the court's authority to adjudicate. Even when a litigant satisfies Article III's constitutional standing requirements, a federal court may refuse to adjudicate its claims for relief under prudential principles where the relief is premised upon questions of broader social import, as opposed to those dealing with specific individual rights. *See generally United States v. Windsor*, 570 U.S. 744, 760 (2013); *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014); *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

impossible." *In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328 (11th Cir. 2016). It "reflects a court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him." *First Union Real Estate Equity & Mortg. Invs. v. Club Assocs. (In re Club Assocs.)*, 956 F.2d 1065, 1069 (11th Cir. 1992).

Green Tech relies principally upon *Liquidity Sols., Inc. v. Winn-Dixie Stores, Inc. (In re Winn-Dixie Stores, Inc.)*, 377 B.R. 322, 330 (M.D. Fla. 2007). which sets forth the following seven factors in analyzing equitable mootness of a bankruptcy appeal:

> (1) the interests of finality and the passage of time;
> (2) whether there has been a comprehensive change in the circumstances;
> (3) whether a stay has been obtained and if not, why not;
> (4) whether the debtor's reorganization plan has been substantially consummated and if so, what type of transactions have been consummated;
> (5) the type of relief sought;
> (6) the effect of granting such relief on third parties not currently before the court; and
> (7) the threat to the re-emergence of the debtor as a revitalized entity

Without citing any legal authority, Green Tech attempts to apply the appellate equitable mootness doctrine to this adversary proceeding. The Court is loath to do so. It is clearly apparent from the factors set forth in *Liquidity* themselves, that equitable mootness generally applies to the narrow circumstances of an appeal of an order confirming a chapter 11 plan. This Court sees no basis to apply the doctrine to this adversary proceeding and could reject Green Tech's argument on that basis alone.

However, to humor Green Tech's argument, the Court will address the *Liquidity Solutions* factors in turn.

First, although Green Tech makes a strained attempt to do so, the interests of finality cannot apply in a circumstance where the terms of the settlement agreement itself prevent the very finality Green Tech seeks. The fact that time has passed and "Green Tech has been deprived of possession and the use of [the Property] as well as the inability for the Property to produce income for more than 6 years," cannot be said to have been caused by the conversion of the case to chapter 7 or the fact that the order approving the settlement was appealed, preventing finality and dismissal of this adversary.

Second, the conversion of the case to chapter 7 is not a "comprehensive change in the circumstances." It simply results in the Trustee controlling the adversary instead of the Debtor.

Third, while it is true there has been no stay pending the appeal of the order approving the settlement, the terms of the settlement dictate the order is not final and the settlement remains conditioned upon the outcome of the appeal.

Fourth, the notion that Green Tech has "substantially consummated the [s]ettlement" attempts to apply a legal term involving substantial consummation of a confirmed plan to a settlement agreement. Green Tech offers no legal support for doing so, and this Court will not do so.

Fifth, Green Tech argues "the Trustee does not have the financial ability to exercise" the alleged option so no "relief" can be provided. As the Court has already

concluded, Green Tech's argument in this regard is conclusory with no factual support and not dispositive of the issue in any event.

Sixth, while the effect of dismissal on the City of Pompano and Broward County may be beneficial, the Court is not aware of anything preventing Green Tech, the title owner of the Property, from "address[ing] the code violations, fines and outstanding utility bills."

Finally, while there is no threat to the re-emergence of No Rust as a revitalized entity, Green Tech's argument misunderstands this factor. The issue is whether allowing an appeal of an order confirming a plan to continue would threaten the re-emergence of a revitalized debtor. There is no confirmed plan so this factor simply has no application here and cannot be said to weigh in favor of finding equitable mootness.

Green Tech further argues that this adversary proceeding has become equitably moot because the main case was converted to chapter 7. Generally speaking, the doctrine of equitable mootness "permits courts sitting in bankruptcy appeals to dismiss challenges when (typically to confirmation plans) effective relief would be impossible." *Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 786 (11th Cir. 2015) (parentheticals omitted). Naturally, issues that are exclusive to one chapter of the Bankruptcy Code are indeed moot upon conversion to another chapter. However, if the bankruptcy court can provide relief under the chapter to which the case is converted, then the court is entitled to do so. *J.B. Lovell Corp. v. Carlisle Corp. (In re J.B. Lovell Corp.)*, 876 F. 2d 96, 98 (11th Cir. 1989) (citing *Technical*

*Fabricators, Inc. v. Lyman Steel Co., Inc. (In re Technical Fabricators)*, 65 B.R. 197, 199 (S.D. Ala. 1986)).

Here, the Trustee still retains control over the Debtor's interest in this litigation and is free to continue to pursue it. There is no reason that this adversary proceeding could not continue merely because the main case was converted to chapter 7. The fact that Green Tech does not believe the Trustee should pursue the litigation or that she is not likely to succeed is simply irrelevant. The rights of the parties remain uncertain, and relief is available under chapter 7. Indeed, Green Tech's motion for summary judgment was denied, and material issues remain to be resolved, none of which has changed as a result of the conversion. In fact, but for the settlement agreement and appeal, this case may proceed to trial.[8] Whether it will is a decision to be made by the Trustee if the order approving the settlement is overturned. In other words, effective relief is not "impossible" post conversion, and so the case is not moot under this theory either.

III. Conclusion.

For the reasons stated, the Court finds that this adversary proceeding is not moot. Accordingly, the Court hereby ORDERS:

Green Tech's Motion to Dismiss (Doc. 115) is DENIED.

**# # #**

Copies to:
All parties in interest.

---

[8] A fact which Green Tech acknowledged and even welcomed at the hearing on this Motion.